IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No: 22 CR 323-2 |
| v. | ) | |
| | ) | Magistrate Judge: Gabriel A. Fuentes |
| RAHEIM HAMILTON | ) | |
| | ) | |

## ORDER OF DETENTION PENDING TRIAL

At an in-court hearing on 2/7/23, the Court denied Defendant's motion for pre-trial release (doc. #37). First, a detention hearing previously was held on 12/23/22 in the Eastern District of Virginia, and at the conclusion of this hearing, the magistrate judge in that district ordered Defendant's detention, (doc. #39-1, #51). Per 18 U.S.C. § 3142(f), after a detention hearing such as the one conducted in the EDVA, "[t]he hearing may be re-opened, before or after a determination by a judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required …." Here, the only issue on which the government has sought detention is non-appearance.

The Court has examined the transcript of the detention hearing in the EDVA (doc. #39-1), as well as the instant motion (doc. #37) and the argument presented at hearing before the Court today by Defendant's current counsel in this district. The Court cannot find that Defendant's motion, which the Court construes as a motion to re-open the hearing, presents any information not known to Defendant at the time of the EDVA detention hearing. Many of the arguments were the same, as in the difficulty involved in fleeing without a U.S. passport, the innocuousness of Defendant's foreign travel (and the

1

government's overstatement of it, according to the defense), and Defendant's ties in the EDVA. All of this information was known to Defendant at the time of the 12/23/22 hearing. Also known to Defendant at the time was the additional information he provided concerning the $100,000 in cash and $200,000 in precious metals seized from his home, along with his activity in the cryptocurrency space and his responses to the government's contention that he had access to $4 million in cryptocurrency. Section 3142(f) does not provide for multiple bites at the detention apple.

The Court did hear Defendant's motion thoroughly, though, along with the government's arguments. As the Court stated at hearing, even if the Court had reopened the detention hearing, the Court finds that the government carried its preponderance burden on the question of whether no release conditions exist that would reasonably assure appearance. The Court's greatest concerns here were (1) the government's proffered evidence that Defendant had or has access to considerable liquid assets, some of which have not been disclosed, and the possession of substantial assets undercuts the Court's confidence that surrender of a passport will prevent foreign travel; (2) the proffered information, not disputed by Defendant, that he has very substantial ties in Trinidad (including at least partial ownership of property there with strong family ties) and Vietnam (where his girlfriend lives), so that he would have a place to go if he were to flee; and (3) the considerable lack of disclosure of his assets during the detention hearing process in the EDVA including the pretrial services interview there – he disclosed ownership of two properties in Virginia and a mortgage that netted his assets at around $482,000, but there was no mention of ownership of property in Trinidad, access to cryptocurrency, cash, of precious metals, and the government offered sufficient evidence to concern the Court that he had access or control over those assets. The Court noted that by his own admission, Defendant as an "early adopter" and "amateur investor" possesses considerable financial

sophistication, see motion (doc. #37) at 8, so that his non- disclosure of additional assets to Pretrial Services concerned the Court and weighed in the government's favor.

Plus, the offense is alleged to have been committed while Defendant was on probation for another offense. In short, considering the history and characteristics of the person and the weight of the evidence, the Court per Section 3142(g) finds that the government met its preponderance burden, so even if the detention hearing had been re-opened, the outcome would have been the same: Defendant is remanded to the custody of the U.S. Marshal's Service pending further order of Court.

ENTER:

Date: February 7, 2023   /s/ _____
GABRIEL A. FUENTES
UNITED STATES MAGISTRATE JUDGE

3