UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RAHEIM HAMILTON | No. 22 CR 323<br><br>Judge Steven C. Seeger |

**MEMORANDUM IN OPPOSITION TO DEFENDANT'S APPEAL OF MAGISTRATE JUDGE'S DETENTION ORDER AND REQUEST FOR <u>IMMEDIATE RELEASE WITH CONDITIONS</u>**

The UNITED STATES OF AMERICA, by its attorney, JOHN R. LAUSCH, JR., United States Attorney for the Northern District of Illinois, submits this memorandum in opposition to the defendant's "Appeal Of Magistrate Judge's Detention Order And Request For Immediate Release With Conditions." Dkt. 59.

This is the defendant's third attempt at securing bond. In his most recent filing, the defendant repeats the same arguments that twice have been rejected by two separate magistrate judges in two different districts. Because the defendant has failed to present any additional information that was not known to him at the time of either of his two previous detention hearings, his motion for bond should be denied. In addition, Judge Fuentes and Judge Miller (in the Eastern District of Virginia) each considered the defendant's arguments for bond, and correctly denied those motions because the defendant presented a serious risk of flight. The evidence shows that the defendant has the means to flee and significant familial, personal, and financial ties to foreign countries. He also failed to disclose significant personal wealth and foreign travel and possessed false identity documents. In sum, the defendant is a serious

flight risk, and no combination of conditions will reasonably assure his appearance. Accordingly, the defendant's motion should be denied.

I. Procedural Background

On June 23, 2022, a grand jury sitting in the Northern District of Illinois returned an indictment charging the defendant with conspiracy to sell counterfeit currency. On December 21, 2022, defendant was arrested in the Eastern District of Virginia, and a warrant for the search of his home and electronic devices was executed. Defendant appeared in the Eastern District of Virginia for an initial appearance. On December 23, 2022, following a contested detention hearing, the defendant was ordered detained by Magistrate Judge Miller. A transcript of that hearing was filed by the government on January 25, 2023. Dkt. 39. The government incorporates by reference the information proffered at that hearing and the findings of the magistrate judge.

In conjunction with the detention hearing, Pretrial Services in Virginia interviewed the defendant and prepared a report. During the interview, the defendant provided materially false information to the Pretrial Services Officer and withheld material information related to his assets and foreign ties. Defendant was ordered detained and removed in custody to the Northern District of Illinois.

On January 24, 2023, defendant filed a motion for bond in this District, which presented the same information and arguments previously rejected by Judge Miller in Virginia; namely, that defendant's international ties and travel history, assets (including undisclosed assets), and the nature of the alleged criminal conduct did not

2

make him a flight risk. Dkt. 37 at 3. The government responded in opposition to the motion, *see* Dkt. 50, and the government incorporates by reference that filing.

Magistrate Judge Fuentes held a detention hearing on February 7, 2023. A transcript of that hearing is attached at Exhibit A. After hearing arguments from the parties, and considering evidence provided by the government and defense, Judge Fuentes denied the motion for release, finding both that the defendant had failed to offer any new information to justify reopening the detention hearing and that the defendant was a serious flight risk. *See* Dkt. 53, Order of Detention Pending Trial.

II. Applicable Law

Under the Bail Reform Act of 1984, 18 U.S.C. §§ 3141-56, a defendant may be detained in custody pending trial "[i]f, after a hearing pursuant to the provisions of subsection (f) of this section, the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). The government's burden is by a preponderance of the evidence on the question of whether no conditions of release will reasonably assure a defendant's appearance in court as required. *United States v. Portes*, 786 F.2d 758, 766 (7th Cir. 1985).

The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, consider the available information concerning—

(1) the nature and circumstances of the offense charged;

3

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including—A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

Once a detention order has been entered, the detention hearing may be reopened if "*the judicial officer finds that information exists that was not known to the movant at the time of the hearing* and that had a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2) (emphasis added).

### III. The Defendant Has Failed to Present New and Material Information to Support Reopening the Detention Hearing

To reopen a detention hearing, the defendant must present information that (1) was not known to the defendant at the time of the original hearing and (2) that is material to whether conditions of release can reasonably secure his appearance. The

4

defendant failed to offer any such information before Judge Fuentes and has failed again to offer any such information in this, his third motion for release.

The defendant restates information previously considered by two different judges, including the defendant's U.S. citizenship, his ties to Virginia, and his one criminal conviction. He likewise repeats arguments about his assets, international ties and the strength of the government's evidence. As Judge Fuentes found, the defendant has failed to meet his burden of presenting any evidence, let alone material evidence, that justifies the reopening of defendant's detention hearing. Dkt. 53 at 1-2 ("The Court cannot find that Defendant's motion, which the Court construes as a motion to re-open the hearing, presents any information not known to Defendant at the time of the EDVA detention hearing."). Judge Fuentes's findings included the following:

> Many of the [defendant's] arguments were the same, as in the difficulty involved in fleeing without a U.S. passport, the innocuousness of Defendant's foreign travel (and the government's overstatement of it, according to the defense), and Defendant's ties in the EDVA. All of this information was known to Defendant at the time of the 12/23/22 hearing. Also known to Defendant at the time was the additional information he provided concerning the $100,000 in cash and $200,000 in precious metals seized from his home, along with his activity in the cryptocurrency space and his responses to the government's contention that he had access to $4 million in cryptocurrency.

As Judge Fuentes noted, "not presented is different than not knowing. … You don't get unlimited bites at the apple." Tr. At 4. This attempted third bite at the apple offers "nothing that would satisfy the threshold requirement for reopening the detention hearing" and accordingly, the Court should decline to reopen the hearing and deny the defendant's motion on this basis. *United States v. Hester*, 2011 WL

5

124212, at *2 (N.D. Ill. Jan. 14, 2011) (denying motion for bond and "exercis[ing] [the Court's] discretion to conduct its *de novo* review without hearing additional evidence"); *see also, United States v. Mix*, No. 20 CR 435, 2020 WL 7385452, at *3 (N.D. Ill. Dec. 16, 2020) (denying motion for bond where defendant's motion did not "offer[] material information, not previously known to Defendant at the time of his detention hearing or the reconsideration hearing, which would reasonably assure his appearance as required in this jurisdiction."); *United States v. Borchert*, No. 03 CR 1199, 2004 WL 407033, at *1 (N.D. Ill. Feb. 25, 2004) ("elect[ing] not to start from scratch and hav[ing] reviewed the transcripts of the hearings," denying defendant's motion to amend the detention order.)

## IV. The Defendant is a Serious Flight Risk

At both detention hearings, and in the government's detention memo, Dkt. 50, the government presented evidence that: (1) the defendant had substantial ties to Trinidad and Vietnam (*id.* at 8-12), (2) the defendant failed to report millions of dollars of assets to pretrial services (*id.* at 5-6); (3) the defendant possessed a fake ID and a bank card in a fake name (*id.* at 6-8); and (4) the defendant's messages indicate that he was laundering money and using "opsec" or operational security methods, to conceal his identity (*id.* at 13-15), among other evidence (*id.* at 15-16; *see also* Dkt. 54 (detention exhibits)[1]).

Considering this evidence, and after hearing arguments from defense counsel, Judge Fuentes and Judge Miller both found that the defendant was a serious flight

---

[1] These exhibits were filed with redactions. *See* Dkt. 53 at 40. The government will provide the Court with an unredacted copy.

6

risk. Judge Fuentes found that defendant had substantial ties to Trinidad "including at least partial ownership of property there with strong family ties" and in Vietnam "where his girlfriend lives." Dkt. 53 at 2. As Judge Miller noted, the defendant has "extensive ties to Trinidad and Tobago, where he was born," had regular travel to Trinidad, and defendant's family in Virginia likewise have strong ties to Trinidad. Dkt. 51 at 3.

Both judges also found that the defendant had failed to report substantial assets to pretrial services. Judge Fuentes cited the defendant's access to considerable liquid assets and the "considerable lack of disclosure" of his assets during the detention process in Virginia, *id.* at 2-3. He held that "known to Defendant at the time was the additional information he provided concerning the $100,000 in cash and $200,000 in precious metals seized from his home, along with his activity in the cryptocurrency space and his responses to the government's contention that he had access to $4 million in cryptocurrency." Dkt. 53 at 2. Finally, Judge Fuentes noted that the charged offense was alleged to have occurred while the defendant was on probation for another offense. *Id.* at 3. Judge Miller reached the similar conclusions. Dkt. 51 at 3.

Furthermore, there is evidence that the defendant has additional, substantial undisclosed assets which he could access and use to flee. The value of the money the defendant earned from the charged counterfeiting scheme alone is valued at well over $9,000,000 today. *See* Dkt. 50 at 5-6. The government recovered less than $5,000,000 worth of cryptocurrency and other assets on the day of defendant's arrest.

7

Accordingly, should the defendant be released, he has substantial assets at his disposal. This evidence provides additional support that the defendant is a serious flight risk. *See United States v. Mix*, No. 20 CR 435, 2020 WL 7385452, at *4 (N.D. Ill. Dec. 16, 2020) (denying bond motion where there was evidence that the defendant had access to substantial assets and where "[t]he court twice has ruled … that Defendant presents a serious risk of flight"); *see also*, *id.* 20 CR 435, Dkt. 15, Order of Detention Pending Trial (holding that the defendant was a serious flight risk and citing, *inter alia*, defendant's access to "millions of dollars of missing funds".)

## Conclusion

For the reasons stated above, the government respectfully requests that the court deny the defendant's motion and order that he be detained pending trial.

Respectfully Submitted,

JOHN R. LAUSCH, JR.
UNITED STATES ATTORNEY

By: /s/ Melody Wells
Melody Wells
Ann Marie Ursini
Assistant United States Attorney
United States Attorney's Office
219 South Dearborn, 5th Floor
Chicago, Illinois 60604
(312) 353-5300

Dated: March 1, 2023