**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | Case No. 1:22-CR-00323 |
| ) | |
| RAHEIM HAMILTON, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT RAHEIM HAMILTON'S REPLY BRIEF IN SUPPORT OF APPEAL OF MAGISTRATE JUDGE'S DETENTION ORDER AND REQUEST FOR IMMEDIATE RELEASE WITH CONDITIONS**

Defendant Raheim Hamilton ("Mr. Hamilton"), by and through his undersigned counsel, respectfully submits this reply brief in support of his appeal of the Magistrate Judge's detention order in this case and request for immediate release with conditions (ECF No. 59).

The scope of this reply brief is narrow and addresses only a legal dispute between Mr. Hamilton and the government about the applicable legal standard.[1] The government's brief incorrectly encourages the Court to deny Mr. Hamilton relief because Mr. Hamilton allegedly failed to provide "new" information to Magistrate Judge Fuentes in Mr. Hamilton's motion to re-open the detention hearing from the Eastern District of Virginia. ECF No. 65 at 4-6. But denying relief on that ground would be clear legal error. Mr. Hamilton is entitled to the District Court's *de novo* review on the issue of whether he should be detained regardless of whether he has ever presented "new" information after the initial detention hearing. *See* 18 U.S.C. § 3145(b).

---

[1] The Court's Order instructing the government to respond to Mr. Hamilton's appeal did not address any reply briefing. Undersigned counsel reached out to the government, and the government had no objection to Mr. Hamilton filing this short reply brief.

1

The relevant procedural history is straightforward. Only one detention order has been issued in this case regarding Mr. Hamilton. It was issued by Magistrate Judge Miller in the Eastern District of Virginia. ECF No. 51. Mr. Hamilton sought to have Magistrate Judge Fuentes revisit that detention order under § 3142(f)(2). ECF No. 37. Magistrate Judge Fuentes noted that the Court "construe[d] [it] as a motion to re-open the hearing," which the Court denied on the ground that Mr. Hamilton failed to show new information not available at the previous hearing. ECF No. 53 at 1 (citing 18 U.S.C. § 3142(f)).[2] Having lost his request to re-open the detention hearing, Mr. Hamilton now seeks District Court review of the only detention order issued in this case.[3]

The statutory scheme governing pretrial detention orders and appeals to the District Court is clear. Under 18 U.S.C. § 3142(a), "[u]pon the appearance before a judicial officer of a person charged with an offense, the judicial officer shall issue an order" that the defendant be detained or released following a detention hearing provided for in subsection (f). "If a person is ordered detained by a magistrate judge . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order," which "shall be determined promptly. 18 U.S.C. § 3145(b).

The District Court's review of the Magistrate Judge's detention order is *de novo*, as authority cited by the government confirms. *See United States v. Hester*, 2011 WL 124212, at *2

---

[2] Magistrate Judge Fuentes did, however, note that the Court's conclusion would not have changed even if Mr. Hamilton's arguments presented new information satisfying the standard for re-opening a hearing under § 3142(f)(2). ECF No. 53 at 2-3. While Magistrate Judge Fuentes's order was titled "Order of Detention Pending Trial," that order did not contain standard terms required to be included in any detention order under 18 U.S.C. § 3142(i), which is consistent with Judge Fuentes's statement that the Court was construing Mr. Hamilton's motion as a motion to re-open, and denying that motion.

[3] Undersigned counsel acknowledges that Mr. Hamilton's opening brief inaccurately stated that he is seeking review of Magistrate Judge Fuentes's order. ECF No. 59 at 1. To be clear, he is seeking review of the only detention order issued in this case under 18 U.S.C. § 3145(b).

2

(N.D. Ill. Jan. 14, 2011) (noting the District Court's review of the Magistrate Judge's detention order is *de novo*). In this context, "the well reasoned cases appear to uniformly apply a *de novo* standard of review so that the district court can exercise independent consideration of all of the facts properly before it." *United States v. Jones*, 804 F. Supp. 1081, 1086 (S.D. Ind. 1992); *accord United States v. Levine*, 770 F. Supp. 460, 465 (N.D. Ind. 1991) ("When reviewing a magistrate's determination, a district court must conduct a *de novo* review and need not defer to the magistrate's findings."); *United States v. Carter*, 916 F. Supp. 193, 195 (N.D.N.Y. 1996) ("[W]hen a defendant seeks review of a Magistrate Judge's detention order, the district court should fully review the denial of bail, and reach an independent conclusion." (citing *United States v. Leon*, 766 F.2d 77, 80 (2d Cir.1985)).

Notably, the government's brief nowhere cites 18 U.S.C. § 3145, which is the statute governing District Court review of the Magistrate Judge's detention order. *See* ECF No. 65. None of the case law cited by the government concludes that a District Court's review of a Magistrate Judge's detention order involves deference to the Magistrate Judge's findings or conclusions. Rather, two of the cases the government cites discuss the District Court's discretion to rely on the record below rather than conduct a new detention hearing, ECF No. 65 at 5-6 (citing *Hester*, 2011 WL 124212, at *2; *United States v. Borchert*, 2004 WL 407033, at *1 (N.D. Ill. Feb. 25, 2004). Here, while undersigned counsel would welcome the opportunity for oral argument if it would assist the Court in evaluating the issues, Mr. Hamilton is not requesting a new detention hearing -- only *de novo* review of the record developed below.

The third case the government cites involves the standard for one Magistrate Judge to re-visit a detention order previously issued by a Magistrate Judge. *See* ECF No. 65 at 6 (citing *United States v. Mix*, No. 20 CR 435, 2020 WL 7385452, at *3 (N.D. Ill. Dec. 16, 2020)). That

3

decision is irrelevant here because re-opening a detention hearing is governed by 18 U.S.C. § 3142(f)(2), while District Court review of a prior detention order issued by a Magistrate Judge is governed by 18 U.S.C. § 3145(b).

The government appears to be arguing that if a defendant unsuccessfully seeks to have a Magistrate Judge re-open a detention hearing on the basis of new information unavailable at the previous hearing, and the defendant loses on the ground that the information was previously available, the defendant is no longer entitled to *de novo* review of the basic issue whether the government has met its burden of establishing that detention was proper in the first place. The government has cited no case law supporting that argument, and undersigned counsel is aware of none. On the contrary, as discussed above, the statute and case law are clear that defendants are entitled to have a District Court review the record below on the merits of the detention issue and come to an independent judgment whether the government has met its burden of establishing that detention is appropriate.

In sum, this Court need not and should not consider whether Mr. Hamilton's arguments to Judge Fuentes justified re-opening the Eastern District of Virginia detention hearing under § 3142(f)(2). Denying Mr. Hamilton relief on those grounds without conducting *de novo* review whether the government met its burden of establishing that detention is proper under Section 3142(e) would be legal error.[4]

---

[4] The record of the arguments and proffers before Magistrate Judge Fuentes are, however, part of the record this Court can and should consider in ruling on Mr. Hamilton's present motion. Concluding otherwise would elevate form over substance by requiring Mr. Hamilton to repeat assertions made to Magistrate Judge Fuentes and ask the Court to consider that as part of its review under § 3145(b).

4

## CONCLUSION

For these reasons and those stated in his opening brief (ECF No. 59), Mr. Hamilton respectfully asks this Court to vacate the detention order and order him released on conditions this Court deems appropriate under §§ 3142(a)–(c).

Respectfully submitted,

*/s/William J. Edelman*
WILLIAM J. EDELMAN

*Attorney for Raheim Hamilton*

Delahunty & Edelman LLP
200 E. Randolph St.
Suite 5100
Chicago, IL 60601
Ph: (312) 820-2501
Fax: (415) 891-6256
Email: wedelman@delawllp.com

## CERTIFICATE OF SERVICE

The undersigned states that, on March 9, 2023, he caused the above to be served on counsel of record by way of ECF filing.

Respectfully submitted,

*/s/ William J. Edelman*
WILLIAM J. EDELMAN

*Attorney for Raheim Hamilton*